[Crim. No. 8422.   Second Dist. Div. Four.   Oct. 11, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES ALFRED DALY, Defendant and Appellant.

James Alfred Daly, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with a violation of section 11530 of the Health and  Safety Code, possession of a narcotic, marijuana.

Defendant pleaded not guilty. Trial was by the court, trial by jury having been duly waived and pursuant to stipulation of defendant and all counsel the cause was submitted to the court on the testimony contained in the transcript of the proceedings had at the preliminary hearing. It was further stipulated that both defendant and the People reserved the right to put on additional testimony if they so desired. There was additional evidence offered. Defendant testified in his own behalf. Defendant was found guilty as charged.

A probation report was ordered. The criminal proceedings were adjourned and the sheriff was directed to file a petition

under section 6451 of the Penal Code in order to determine if the defendant is addicted to narcotics or is in imminent danger of becoming addicted. Two regularly qualified and appointed medical examiners of the County of Los Angeles made an examination of defendant, filed a certificate of such examination and were later sworn and testified at the hearing on such petition. After the hearing, the petition was ordered dismissed by the court and the defendant was remanded to the sheriff to be returned to the trial court for further proceedings. Probation was denied and defendant was sentenced to the state prison for the term prescribed by law. Narcotic and psychiatric care were recommended.

Defendant prosecutes this appeal "from the decision and judgment of the Superior Court."

Defendant applied for appointment of counsel to assist him on this appeal. This court having made an independent investigation of the record and having determined it would be neither advantageous to defendant nor helpful to the court to have counsel appointed denied the application, whereupon defendant prosecutes this appeal from the judgment of conviction in propria persona. Defendant was notified and given ample time to file his opening brief and upon defendant's request this court extended the time to file such brief. None has been filed. The entire record of the preliminary and trial proceedings are before this court, and we have given the appeal full consideration.

There was evidence of the following facts: Vernon S. Dossey of the Los Angeles Police Department testified he was investigating a burglary report near the intersection of Ninth and Gaffey Streets in the County of Los Angeles. He observed defendant driving a 1945 pickup truck with a license plate partially obscured by the body of the truck. He turned on the red light and pulled defendant over to the curb. He observed defendant was leaning to the right in the truck as though reaching for something. He then straightened up and leaned forward as though placing something on the floorboards. The vehicle was swerving backward and forward on the street approximately 4 to 5 feet in each direction. The officer observed a white package approximately 3 by 3 inches drop from below the vehicle at a point near the curb and at about the center of the truck. The package then struck the street beneath the truck and bounced to a stop in the highway.

Defendant was apprehended and the officer recovered the

package. The package contained two packages of cigarette papers and numerous scored white capsules; also a cellophane-wrapped package containing a green, leafy substance. These items were received in evidence as a People's exhibit.

The officer testified he walked up to the defendant who was still seated in the vehicle and asked him to get out of the car. He opened the package and showed all of the contents to defendant and asked him what they were. Defendant stated to him that he knew what the green leafy material was and what the pills were. The officer told defendant it looked to him like marijuana and defendant replied, ''You know I can't tell you that. You are trying to put me on the spot.'' Defendant further stated to him, ''I told you what they are and that the green material is marijuana and the pills are amphetamine.'' The officer asked defendant where he obtained the articles and defendant replied, ''You know that I can't tell you that. That is all I am going to say.''

On examining the vehicle he found an opening in the floorboards which was approximately 6 by 8 inches in size. Lying on the battery just inside of the opening was a reddish colored cigarette paper package. Another cigarette package was to the left of the opening and beneath the floorboards. The opening went directly to the pavement.

Pursuant to stipulation of defendant and counsel, W. G. Penprase was deemed to have been called, sworn, qualified as an expert forensic chemist and to have testified that he made a clinical examination of the items received in evidence and that he formed the opinion that the 29 grams of green, leafy substance were *cannabis sativa* (commonly known as marijuana).

Defendant testified in his own behalf. He admitted he owned the 1945 pickup truck and stated he was arrested in the truck in the City of San Pedro; the officer approached him and showed him a package; the officer unwrapped the package in his presence; he told the officer it looked like marijuana to him but he was no expert at it; there was a hole in the floorboard of the car; that this hole was for a service area in the battery. He denied he threw the package from the car or that he let it drop from his truck. He denied the marijuana was his. He admitted he told the officer that he knew what marijuana was because he had done ''hard time'' for possession.

We find no error in the trial. The evidence fully supports the conviction and the appeal is entirely without merit. The judgment is affirmed.